ORIGINAL

IN THE UNITED STATES DISTRICT COURT
THE NORTHERN DISTRICT OF GEORGIA
ATLANTA DIVISION

| | |
|---|---|
| UNITED STATES OF AMERICA,      ) | |
| Plaintiff,                     ) | |
| v.                             ) | Civil Action No. |
|                                ) | 1:04-CV-2040-CAP |
| THE STATE OF GEORGIA and       ) | |
| CATHY COX, Secretary of State  ) | |
| of Georgia,                    ) | |
| Defendants.                    ) | |

### STIPULATION AND ORDER OF DISMISSAL

This is an action for relief under the Uniformed and Overseas Citizens Absentee Voting Act of 1986 ("UOCAVA" or "the Act"), 42 U.S.C. §§ 1973ff to 1973ff-6, to protect the right of U.S. citizens, both military and civilians living overseas, to vote by absentee ballot in elections for federal office. The United States filed its original complaint on July 13, 2004, together with a motion for temporary restraining order and preliminary injunction, alleging that UOCAVA-protected overseas voters in a substantial number of Georgia's 159 counties had not had absentee ballots mailed to them in time to receive and return them by U.S. postal mail for the July 20, 2004, federal primary election, or for its runoff on August 10, 2004.

On July 16, 2004, the Court entered an order granting the United States' motion for temporary restraining order and preliminary injunction. The order provided relief in several forms for the 2004 federal primary and runoff elections: a three-day extension of the deadline for receipt of absentee ballots from UOCAVA-protected voters; accelerated means for the transmission and return of

these voters' absentee ballots, including facsimile, e-mail, and express mail at public expense. The order also provided for the use of the uniform federal write-in absentee ballot for the July 20 primary and its runoff, and required election officials to work to notify affected voters individually, wherever they were in the world, of the relief directed by the Court. The United States' claims for permanent injunctive relief remain before the Court; the litigation has not been stayed or dismissed, although no further proceedings have taken place since July 16, 2004.

On March 30, 2005, the Georgia General Assembly passed, and on April 22, 2005, Governor Sonny Perdue signed into law Act No. 53 (H.B. 244 of the 2005 Regular Session), which amends a number of sections of Georgia's Election Code. This Act included, inter alia, provisions contained in Sections 51, 52, 53, 54, and 63 of the bill ("relevant provisions") designed to ensure long-term compliance with UOCAVA by the state and its subdivisions. These relevant provisions, as well as a severability provision, are described in the Memorandum of Understanding ("MOU") between the parties that is annexed to this Stipulation and incorporated herein.

In light of the passage of the relevant provisions of Act No. 53, the parties desire to settle this action, both to avoid further litigation and to facilitate immediate and lasting compliance with UOCAVA on behalf of all voters in Georgia who are covered by its protections.

The parties understand that for any voting change contained in Act No. 53 to take effect, it must be submitted for preclearance review under Section 5 of the Voting Rights Act of 1965, 42 U.S.C. § 1973c, and must receive the administrative or judicial preclearance required by that Section; that nothing in this Stipulation or

the annexed MOU is intended to prejudge or comment on the merits of any administrative or judicial determination that may hereafter be made under Section 5; and that the failure of the relevant provisions to obtain the required Section 5 preclearance will void this Stipulation and the annexed MOU.

In view of the foregoing, IT IS HEREBY STIPULATED AND AGREED, by and between the United States, the State of Georgia, and Cathy Cox, Secretary of State of Georgia, through their undersigned counsel, that:

1. All claims by the United States in this action up to and including the date of this agreement shall be dismissed under Fed. R. Civ. P. 41(a)(2);

2. This Order of Dismissal expressly incorporates the terms of the annexed MOU; and

3. This Court expressly retains jurisdiction for the purpose of enforcing the terms of the annexed MOU for the term of the MOU, or for any extended duration pursuant to a written agreement by the parties.

Dated this 25th day of July, 2005.

| For the Plaintiff<br>United States of America: | For the Defendants<br>State of Georgia and<br>Secretary of State of Georgia: |
|---|---|
| BRADLEY J. SCHLOZMAN<br>Acting Assistant Attorney General | THURBERT E. BAKER<br>Attorney General |

JOHN R. TANNER
REBECCA J. WERTZ
AMY H. ZUBRENSKY
Attorneys, Voting Section
Civil Rights Division – NWB
U.S. Department of Justice
950 Pennsylvania Avenue, N.W.
Washington, D.C. 20530
(202) 514-3232
(202) 307-3961 (Facsimile)

DENNIS R. DUNN
Georgia Bar No. 234098

Deputy Attorney General
Georgia Department of Law
40 Capitol Square, S.W.
Atlanta, GA 30334-1300

(404) 656-5614
(404) 657-9932 (Facsimile)

DAVID E. NAHIMAS
United States Attorney

AMY BERNE *express permission by Dennis R. Dunn*
Georgia Bar No. 006670
Assistant U.S. Attorney
600 United States Courthouse
75 Spring Street, S.W.
Atlanta, GA 30303
(404) 581-6261
(404) 581-6150 (Facsimile)

SO ORDERED.

Dated: 25th July 2005

_____
United States District Judge